11849. HOLTON v. BLOCKER.

STEPHENS, J. 1. In a proceeding by a landlord against his tenant to recover for the rental of the premises, where the tenant seeks to set off against the rent damages flowing to him by reason of an alleged violation by the landlord of a covenant to make certain additions to the rented premises, such as the erecting of certain fencing, no issue for the jury is presented where the evidence fails to disclose either the amount or the value of the fencing material which the landlord failed to furnish.

2. A covenant by a landlord in a lease to furnish material for making necessary " repairs " upon the rented premises does not obligate him to furnish material for erecting additional buildings.

3. A party to a contract who has not breached the same, but who stands ready to perform his covenants thereunder, is under no obligation to respond to the opposite party, otherwise than by performing his covenants under the contract. It follows, therefore, that where a lease contract provides that the tenant may clear certain other and additional lands and cultivate the same during the life of the lease contract without any extra rental charge, the tenant cannot, after abandoning the rented premises before the expiration of the lease, and in the absence of any proof of any violation of the contract by the landlord, recover compensation for his services in clearing the land.

4. The verdict found for the landlord was authorized by the evidence, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
DECIDED JUNE 6, 1921.

Distraint; from Montgomery superior court — Judge Graham. July 10, 1920.

*A. C. Saffold, W. J. Wallace,* for plaintiff in error.
*Pattillo & Jackson, L. C. Underwood,* contra.